UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL SKIDMORE,

      Plaintiff,

v.                                              Civil Case No. 14-13031
                                              Honorable Linda V. Parker

ACCESS GROUP INC., ET AL.,

      Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT ACCESS GROUP, INC.'S MOTION TO DISMISS

On August 4, 2014, Plaintiff initiated this pro se lawsuit against Access Group, Inc. ("Access") and several other defendants. In response to a motion to dismiss filed by Access on February 3, 2015, Plaintiff filed a First Amended Complaint on March 11, 2015. On March 25, 2015, Access filed a motion to dismiss Plaintiff's Amended Complaint or, in the alternative, for summary judgment. Plaintiff responded to Access' motion by filing a motion to strike which is presently pending before the Court. (ECF No. 32.)

In his motion, Plaintiff contends that Access' motion should be stricken because it fails to comply with Eastern District of Michigan Local Rule 7.1(d)(3)(A). Specifically, Plaintiff contends that Access' brief is thirty pages, thereby exceeding the rule's 25-page limit. Plaintiff also claims "that the length of [Access'] brief is

further compounded by the lack of clarity involved in the brief." (ECF No. 32 at Pg ID 314.) As Plaintiff explains, he cannot figure out which standard-- Rule 12(b)(6), Rule 56, or both-- Access is applying to which arguments.

Local Rule 7.1 provides that, unless the Court permits otherwise, each motion must be accompanied by a single brief which may be separate from or contained within the motion. E.D. Mich. LR 7.1(d)(1)(A). Rule 7.1 further provides that "[t]he *text* of a brief . . . including footnotes and signatures, may not exceed 25 pages." *Id.* 7.1(d)(2) (emphasis added). The text of Access' brief does not exceed twenty-five pages. It is twenty-three pages. (*See* ECF No. 30.) The pages containing the table of contents, table of authorities, questions presented, and controlling or most appropriate authority, although part of the brief, are not part of the *text* of the brief.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Motion to Strike Defendant Access Group, Inc.'s Motion is **DENIED**.

                                                 s/ Linda V. Parker
                                                 LINDA V. PARKER
                                                 U.S. DISTRICT JUDGE

Dated: April 28, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 28, 2015, by electronic and/or U.S. First Class mail.

                                                 s/ Richard Loury
                                                 Case Manager