UNITED STATED DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

DANIEL SKIDMORE,

    Plaintiff,                          Case No. 4:14-cv-13031

V                                       Judge Linda V. Parker

ACCESS GROUP, INC., KENTUCKY
HIGHER EDUCATION STUDENT LOAN
CORP., AND TRANSUNION,

    Defendants.
_____/

## DEFENDANT ACCESS GROUP, INC.'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ACCESS GROUP, INC.'S MOTION TO DISMISS

Defendant, Access Group, Inc. ("AGI"), through its attorneys, Plunkett Cooney, states as follows in support of its Motion to Stay Discovery Pending the Resolution of Access Group, Inc.'s Motion to Dismiss:

1. On August 4, 2014, Plaintiff Daniel Skidmore ("Plaintiff") filed his initial Complaint against Defendants AGI, Kentucky Higher Education Student Loan Corporation ("KHESLC"), and TransUnion in this Court. (Dkt. # 1).

2. On February 3, 2015, AGI moved to dismiss Plaintiff's initial Complaint. (Dkt. # 16).

3. Plaintiff then filed his First Amended Complaint on March 11, 2015, now naming AGI, KHESLC, Experian, and MRS BPO, LLC as defendants. (Dkt. # 21).

4. On March 25, 2015, AGI moved to dismiss Plaintiff's First Amended Complaint. (Dkt. # 30).

5. AGI's Motion to Dismiss Plaintiff's First Amended Complaint raises issues of law that can be resolved by this Court without discovery and that may dispose of this case in its entirety or drastically narrow the scope of discovery needed.

6. Despite being aware of the filing of AGI's Motion to Dismiss his First Amended Complaint, Plaintiff emailed undersigned counsel, expressing his desire to immediately hold a Rule 26(f) conference so that he could begin discovery.

7. Plaintiff's insistence on initiating discovery while AGI's Motion to Dismiss remains pending has the potential to needlessly increase the costs of litigation for all parties.

8. "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (internal quotations and citation omitted). A stay of discovery is appropriate "where claims may be dismissed based on legal determinations that could not have been altered by any further discovery." *Id.*

9. As more fully set forth in the accompanying Brief in Support, incorporated here by reference, the claims in Plaintiff's First Amended Complaint should be dismissed based on legal determinations that can be made by this Court and that will not be altered by discovery.

10. Staying discovery in this case until this Court has had the opportunity to consider and rule on AGI's Motion to Dismiss Plaintiff's First Amended Complaint will serve the interests of judicial economy.

11. For these reasons, Defendant AGI respectfully requests that this Court stay discovery in this case pending the resolution of AGI's Motion to Dismiss Plaintiff's First Amended Complaint.

Pursuant to E.D. Mich. LR 7.1, undersigned counsel sought but did not obtain concurrence from Plaintiff in the requested relief.

        Respectfully Submitted,

        PLUNKETT COONEY

        By:   */s/Jeffrey S. Hengeveld*
                Jeffrey S. Hengeveld (P66029)
                Attorney for Defendant AGI
                38505 Woodward Avenue
                Suite 2000
                Bloomfield Hills, MI  48304
                (248) 594-8202

Dated:  May 14, 2015

UNITED STATED DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

DANIEL SKIDMORE,

    Plaintiff,                    Case No. 4:14-cv-13031

V                                    Judge Linda V. Parker

ACCESS GROUP, INC., KENTUCKY
HIGHER EDUCATION STUDENT LOAN
CORP., AND TRANSUNION,

    Defendants.
_____/

**BRIEF IN SUPPORT OF DEFENDANT ACCESS GROUP, INC.'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ACCESS GROUP, INC.'S MOTION TO DISMISS**

"[W]here claims may be dismissed based on legal determinations that could not have been altered by any further discovery," it is within a trial court's discretion to stay discovery pending the resolution of initial dispositive issues. *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (internal quotations and citation omitted). Here, as set forth in AGI's Motion to Dismiss Plaintiff's First Amended Complaint, this Court's analysis of Plaintiff's claims turns on legal issues that will not be altered by further discovery. Even this Court's analysis of Plaintiff's claim that AGI

1

received notice of a dispute from a Credit Reporting Agency ("CRA") will not be altered by further discovery. As argued in AGI's Motion to Dismiss, this claim is based on nothing more than Plaintiff's misreading of the relevant credit dispute form. This Court can determine the actual meaning of the form without the need for discovery. As a result, all of Plaintiff's claims against AGI can be resolved without the need for discovery. Under these circumstances, staying discovery pending the resolution of AGI's Motion to Dismiss is in the interest of judicial economy.

For these reasons, Defendant AGI respectfully requests that this Court stay discovery in this case pending the resolution of AGI's Motion to Dismiss Plaintiff's First Amended Complaint.

                                                Respectfully Submitted,

                                                PLUNKETT COONEY

                                                By:   */s/Jeffrey S. Hengeveld*
                                                         Jeffrey S. Hengeveld (P66029)
                                                         Attorney for Defendant AGI
                                                         38505 Woodward Avenue
                                                         Suite 2000
                                                         Bloomfield Hills, MI  48304
Dated:  May 14, 2015                       (248) 594-8202

2

## PROOF OF SERVICE

The undersigned certifies that a copy of Defendant AGI's Motion to Stay Discovery Pending the Resolution of Access Group, Inc.'s Motion to Dismiss and this Proof of Service were filed with the United States District Court, Eastern District of Michigan via electronic filing on May 14, 2015.  I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

 *s/Jeffrey S. Hengeveld*
JEFFREY S. HENGEVELD (P66029)
Attorney for Defendant Access Group, Inc.
38505 Woodward Avenue, Suite 2000
Bloomfield Hills, MI 48304
(248) 594-8202
Jhengeveld@plunkettcooney.com


Open.11877.50062.15449115-1