UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL SKIDMORE,

    Plaintiff,

v.                                    Civil Case No. 14-13031
                                       Honorable Linda V. Parker

ACCESS GROUP, INC.,
EXPERIAN, KENTUCKY
HIGHER EDUCATION
STUDENT LOAN CORP., and
MRS BPO, LLC,

    Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANT ACCESS GROUP, INC.'S EMERGENCY MOTION TO STAY THE DEADLINE TO RESPOND TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

     In this action, filed August 4, 2014, Plaintiff Daniel Skidmore ("Plaintiff") claims that Defendants violated state and federal law by failing to properly process payments made toward his student loans and then by reporting the loans as unpaid to credit reporting agencies. Plaintiff filed a First Amended Complaint on March 11, 2015. Defendant Access Group, Inc. ("AGI") and Defendant Kentucky Higher Education Student Loan Corp. ("KHESLC") filed motions to dismiss on March 24 and 25, 2015, respectively. Those motions remain pending before the Court. On October 9, 2015, Plaintiff filed a Motion for Partial Summary Judgment Against

Defendant Access Group, Inc. for Violations of the Fair Credit Reporting Act and Breach of Contract Pursuant to Rule 56. AGI now asks the Court to stay the deadline for it to respond to Plaintiff's motion until disposition of the existing motions to dismiss. (ECF No. 60.) Plaintiff opposes AGI's request. (ECF No. 61.)

This Court concludes that it is appropriate to stay the briefing with respect to Plaintiff's motion for partial summary judgment pending the resolution of AGI's motion to dismiss. The Supreme Court has held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). The exercise of such authority is within the court's discretion. *Ohio Envtl. Council v. United States Dist. Ct., S.D. Ohio*, 565 F.2d 393, 396 (6th Cir. 1977).

In the event the Court grants AGI's motion to dismiss in whole or in part, the issues that remain to be addressed in this litigation will be narrowed. AGI should not be required to respond to arguments in Plaintiff's summary judgment motion that may be rendered moot by the Court's decision on the pending motion to dismiss. Plaintiff will not suffer prejudice by what the Court hopes will be a minimal delay in the briefing with respect to his summary judgment motion.

Therefore, the Court is **GRANTING** AGI's Emergency Motion to Stay the Deadline to Respond to Plaintiff's Motion for Summary Judgment. AGI's response to Plaintiff's motion shall be filed within twenty-one (21) days of the filing of the Court's decision on AGI's motion to dismiss <u>unless</u> the Court's decision results in the dismissal of Plaintiff's claims against AGI and AGI's dismissal as a party to this action.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 27, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 27, 2015, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager