UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL SKIDMORE,

    Plaintiff,

v.            Civil Case No. 14-13031
             Honorable Linda V. Parker

ACCESS GROUP, INC.,
EXPERIAN, KENTUCKY
HIGHER EDUCATION
STUDENT LOAN CORP., and
MRS BPO, LLC,

    Defendants.
_____/

**OPINION AND ORDER (1) GRANTING IN PART AND DENYING IN
PART DEFENDANT ACCESS GROUP, INC.'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT; (2) DENYING
AS MOOT DEFENDANT ACCESS GROUP, INC.'S MOTION TO STAY
DISCOVERY; AND (3) DENYING DEFENDANT ACCESS GROUP, INC.'S
MOTION FOR RULE 11 SANCTIONS**

In this action, filed August 4, 2014, Plaintiff Daniel Skidmore ("Plaintiff")

claims that Defendants violated state and federal law by failing to properly process

payments made toward his student loans and then by reporting the loans as unpaid

to credit reporting agencies. Specifically, in a First Amended Complaint filed

March 11, 2015, Plaintiff alleges the following claims: (1) violations of the federal

Fair Credit Reporting Act ("FCRA") by Defendant Experian; (2) violations of the

FCRA by Defendant Access Group, Inc. ("AGI"); (3) breach of contract by AGI;

(4) negligence by AGI and Defendant Kentucky Higher Education Student Loan Corp. ("KHESLC"); (5) defamation by AGI and Experian; (6) invasion of privacy by AGI and Experian; (7) "injunction" against KHESLC; and, (8) violation of the Fair Debt Collections Practices Act by Defendant MRS BPO, LLC.  Presently before the Court are the following motions filed by AGI:

> (1)     a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for summary judgment pursuant to Federal Rule of Civil Procedure 56 (ECF No. 30);
>
> (2)     a motion to stay discovery pending resolution of the above motion (41); and,
>
> (3)     a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.  (ECF No. 46.)

The motions have been fully briefed.  Finding the facts and legal arguments sufficiently presented in the parties' pleadings, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).  For the reasons that follow, the Court is granting in part and denying in part AGI's motion to dismiss or, alternatively, for summary judgment.  The Court therefore is denying as moot AGI's motion to stay discovery and denying AGI's motion for sanctions.

## I.     Standards Applicable to AGI's Motion to Dismiss or, Alternatively, for Summary Judgment

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).  Under Federal Rule of Civil Procedure 8(a)(2), a pleading must

2

contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id*. (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  This presumption, however, is not applicable to legal conclusions. *Iqbal*, 556 U.S. at 668.  Therefore, "[t]hreadbare recitals of the

3

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

Summary judgment pursuant to Rule 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a).  The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Id*. at 323.  Once the movant meets this burden, the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted).  To demonstrate a genuine issue, the nonmoving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252.

4

A party may move for summary judgment at any time.  *See Chilingirian v. Boris*, 882 F.2d 200, 203 (6th Cir. 1989) (holding that summary judgment was not premature even though discovery had not been conducted where "there is no evidence that discovery would have disclosed disputed material facts in support of [the plaintiff's] claim.").  However, if the party opposing a summary judgment motion believes that discovery is needed to develop the issues raised in the motion and files an affidavit in compliance with Federal Rule of Civil Procedure 56(d), "the court may (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  Fed. R. Civ. P. 56(d).

## II.    Factual Background

Between August 15, 2003 and April 9, 2004, Plaintiff signed four student loan agreements with AGI.  (Am. Compl. ¶ 8; *see also* ECF No. 30, Ex. 2.)[1]  In approximately September 2006, Plaintiff began repaying the loans as he had graduated from his educational program.  (*Id*. ¶ 15.)  Plaintiff set up automatic payments from his bank to make the payments to AGI.  (*Id*. ¶ 16.)

---

[1] Although not attached to Plaintiff's First Amended Complaint, the Court may consider the terms of the loan agreements submitted by AGI-- even when deciding AGI's motion to dismiss-- as those contracts are referenced in the complaint and are central to Plaintiff's claims.  *See Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (citations omitted)

At some point in 2006, AGI designated KHESLC as the servicer of Plaintiff's student loan payments and AGI instructed Plaintiff to submit his payments to KHESLC. (*Id.* ¶¶ 18, 19.) From that point forward, Plaintiff timely made his student loan payments to KHESLC and communicated with KHESLC with respect to his account. (*Id.* ¶¶ 22-24.) In 2010 or 2011, however, AGI changed the servicer on Plaintiff's account.[2] (*Id.* ¶ 25.)

Plaintiff nevertheless continued to send his student loan payments to KHESLC. (*Id.* ¶ 24.) He claims that KHESLC repeatedly represented to him, in 2011 and 2012, that it would act as AGI's agent and forward his payments to AGI. (*Id.* ¶ 30.) Plaintiff claims that KHESLC directly represented to him, through its customer service representatives and in a recording on its phone system, that KHESLC would continue forwarding the payments it received on AGI accounts to AGI and that it would continue corresponding with the debtors of those accounts. (*Id.* ¶¶ 32-34.) However, beginning with Plaintiff's February 15, 2012 loan payment, KHESLC has rejected and returned Plaintiff's payments to his bank. (*Id.* 38.) Plaintiff nevertheless continued to make payments to KHESLC. He claims that he repeatedly contacted KHESLC and AGI over the course of several months,

---

[2] Although not alleged in his First Amended Complaint, Plaintiff states in an affidavit submitted in response to AGI's motion that AGI did not inform him of the servicer change and that he "do[es] not recall receiving notice in 2009 that KHESLC was going to cease operating as AGI's servicer." (ECF No. 35 ¶¶ 8, 19.)

but was never given a clear answer as to why his payments were rejected.  (*Id.*
¶ 41.)

Plaintiff alleges that he has received calls from collection agents with respect
to the outstanding balance on his student loan accounts and that the purported
delinquency has been reported to credit reporting agencies ("CRAs"), like
Experian and TransUnion.  (*Id.* ¶¶ 42-52.)  On or about October 7, 2012, Plaintiff
formally disputed the delinquency with the CRAs.  (*Id.* ¶ 56.)  He alleges that
Experian provided notice of his dispute to AGI.  (*Id.* ¶ 59.)

When AGI claimed that it never received notification of a credit dispute on
Plaintiff's account from a CRA, Plaintiff re-disputed the AGI accounts with all
three major CRAs in February 2015.  (*Id.* ¶¶ 82-85.)  He claims that "AGI has thus
been notified of the credit dispute five times (once by Equifax, twice by Experian,
and twice by TransUnion).  (*Id.* ¶ 86.)

Plaintiff claims that Experian and AGI never investigated his dispute.  (*Id.*
¶¶ 60-68.)  The negative delinquency reporting remained on Plaintiff's credit
report, causing his credit score to fall.  (*Id.* ¶¶ 72-73.)  According to Plaintiff, this
has caused him damage, including the inability to obtain financing to purchase a
home and emotional distress.  (*Id.* ¶¶ 76-79.)

## III.   Applicable Law and Analysis of Plaintiff's Claims

### A.   FCRA

In its pending motion to dismiss or for summary judgment, AGI first argues that Plaintiff's FCRA claim fails because AGI never received notice of a dispute from a CRA.  AGI contends that Plaintiff alleges only that it was "aware[]" of his dispute, not that AGI received "notice."  (ECF No. 30 at Pg ID 276, citing Am. Compl. ¶¶ 87, 123, 183.)  To support its claim that it never received notice of the dispute, AGI offers the affidavit of the records custodian from Xerox Education Services, LLC, d/b/a ACS ("ASC")-- the entity AGI assigned to service Plaintiff's loans beginning in March 2012-- who states that "[i]n September 2012, ACS received notice of a dispute from a CRA regarding the Student Loans."  (ECF No. 30-2 ¶¶ 1, 5.)  In its reply brief, AGI further argues that once it assigns loans to a servicer, the servicer, not AGI, reports borrower status updates to the CRAs and receives and investigates notices from a CRA of any dispute made by a borrower. (ECF No. 44 at Pg ID 463-64.)  AGI submits an affidavit from Melissa N. Scott, its Director of Loan Servicing Oversight, in support of these factual assertions.  (*See* ECF No. 44-1.)

AGI ignores the paragraphs in Plaintiff's First Amended Complaint where he expressly alleges that Experian provided "notice" of his credit dispute to AGI. (*See* Am. Compl. ¶¶ 59, 86.)  This allegation must be presumed true to the extent

AGI seeks dismissal of Plaintiff's FCRA claim under Rule 12(b)(6).  As such, AGI fails to demonstrate that it is entitled to dismissal of Plaintiff's FCRA claim under this rule.

The Court declines to consider AGI's request for dismissal of the claim under Rule 56, as Plaintiff provides an affidavit in response to AGI's motion indicating that discovery is needed for him to address such issues as whether AGI received notice of his credit dispute.  (ECF No. 35 ¶ 17.)  Without discovery, it seems that Plaintiff has no way of determining whether or not the CRAs notified AGI of his dispute, in addition to ACS.[3]  The Court therefore is denying summary judgment to AGI on Plaintiff's FCRA claim, at this stage of the proceedings.

---

[3] In its reply brief in support of its motion to dismiss or for summary judgment, AGI contends that it did not furnish credit information about Plaintiff's student loan accounts to the CRAs, only ACS did.  (*See* ECF No. 44 at Pg ID 462-64.) Whether AGI furnished the credit information to the CRAs and, if not, whether AGI had any duty to correct the information, are issues not previously raised by AGI.  Therefore, the Court declines to consider these issues for purposes of deciding AGI's present motion.  *United States v. Jerkins*, 871 F.2d 598, 602 n.3 (6th Cir. 1989) ("Court decisions  have made it clear that the [movant] cannot raise new issues in a reply brief; he can only respond to arguments raised for the first time in [the non-movant's] brief.") (internal quotation marks and citation omitted). Moreover, Plaintiff alleges in his First Amended Complaint that AGI furnished the information to the CRAs.  (*See, e.g.*, Am. Compl. ¶ 48.)  The Court would have to look beyond the four corners of Plaintiff's pleading to determine which entity furnished the alleged misinformation to the CRAs.  Having received Plaintiff's Rule 56(d) affidavit, the Court declines to do so at this time.

In short, the Court is denying AGI's motion to dismiss Plaintiff's FCRA claim and finds it premature to decide whether AGI is entitled to summary judgment with respect to the claim.

## B.    Preemption

AGI argues that Plaintiff's state law claims are preempted by the FCRA. The FCRA contains two preemption provisions which have garnered much discussion by courts struggling to reconcile what they view to be overlapping and potentially contradictory provisions.  First, the Court offers a little background with respect to the FCRA.

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007) (internal citations omitted).  To this end, the FCRA imposes duties on CRAs and furnishers of information to CRAs. With respect to the latter, the statute imposes two sets of duties: one under 15 U.S.C. § 1681s-2(a) and one under 15 U.S.C. § 1681s-2(b).

The first "prohibits any person from furnishing information to a CRA that the person knows is inaccurate," and provides that "any person who 'regularly and in the ordinary course of business furnishes information to one or more [CRAs]' must correct and update the information provided so that it is 'complete and accurate.' " *Saunders v. Branch Banking and Trust Co. of Va.*, 526 F.3d 142, 148

10

(4th Cir. 2008) (quoting 15 U.S.C. § 1681s-2(a)).  There is no private right of action if a furnisher fails to comply with these requirements.  15 U.S.C. § 1681s-2(d).  Enforcement of subsection (a) falls in the hands of state and federal agencies under §§ 1681s and 1681s-2(d).  *See Purcell v. Bank of Am.*, 659 F.3d 622, 623 (7th Cir. 2011)

The second set of duties is triggered only once a furnisher of information receives notice from a CRA of a consumer's dispute with respect to the information the furnisher has provided.  15 U.S.C. § 1681s-2(b).  When such notice has been given, the furnisher must (1) conduct an investigation, (2) review any information provided by the CRA, (3) report the results of the investigation to the CRA, (4) report any inaccuracies to all CRAs which may have received the inaccurate information, and (5) correct any inaccuracies in the information provided.  *Id*.  Again, these obligations arise only once a furnisher receives notification *from a CRA* of a dispute; they are not triggered by the consumer contacting the furnisher directly.  *See* 15 U.S.C. §§ 1681i(a)(2), 1681s-2(b)(1); *Downs v. Clayton Homes, Inc.*, 88 F. App'x 851, 853 (6th Cir. 2004).  If the furnisher fails to comply with the requirements of subsection (b), a consumer can maintain a private cause of action.  15 U.S.C. § 1681s-2(c)(2).

The FCRA contains two provisions which address the relationship between the statute and any state law claims the consumer might also assert in a private

11

cause of action: 15 U.S.C. §§ 1681h(e) and 1681t(B)(1)(F).  Section 1681h(e)

reads:

> Except as provided in sections 1681n and 1681o of this title, no
> consumer may bring any action or proceeding in the nature of
> defamation, invasion of privacy, or negligence with respect to the
> reporting of information against any consumer reporting agency, any
> user of information, or any person who furnishes information to a
> consumer reporting agency, based on information disclosed pursuant
> to section 1681g, 1681h, or 1681m of this title, or based on
> information disclosed by a user of a consumer report to or for a
> consumer against whom the user has taken adverse action, based in
> whole or in part on the report except as to false information furnished
> with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e) (footnote omitted).  This provision was included when the

FCRA was enacted in 1970.  *Id.*; *see also Purcell*, 659 F.3d at 625.  The second

preemption provision, added in 1996 when Congress also added § 1681s-2, reads:

> No requirement or prohibition may be imposed under the laws of any
> State with respect to any subject matter regulated under section 1681s-
> 2 of this title, relating to the responsibilities of persons who furnish
> information to consumer reporting agencies, except that this
> paragraph shall not apply (i) with respect to section 54A(a) of chapter
> 93 of the Massachusetts Annotated Laws (as in effect on September
> 30, 1996); or (ii) with respect to section 1785.25(a) of the California
> Civil Code (as in effect on September 30, 1996).

15 U.S.C. § 1681t(b)(1)(F).

Many district courts have seen a conflict in these two preemption provisions

and, lacking any circuit court authority on how to reconcile the apparent conflict,

have developed four distinct approaches to do so.  *See Wolfe v. MBNA Am. Bank*,

485 F. Supp. 2d 874, 883-86 (W.D. Tenn. 2007) (summarizing the four

12

approaches) *Himmelstein v. Comcast of the District, LLC*, 931 F. Supp. 2d 48, 57-59 (D.D.C. 2013) (recognizing three approaches).  Three of the approaches are commonly referred to as (1) the "temporal approach," (2) the "statutory approach", and (3) the "total approach."  *Id*.  A fourth approach-- which does not appear to have garnered a title-- was adopted by a magistrate judge in the District Court for the Middle District of Tennessee in *Westbrooks v. Fifth Third Bank*, No. 3:05-0664, 2005 WL 3240614 (Nov. 30, 2005).

In a nutshell, the "temporal approach" views § 1681t(b)(1)(F) as preempting only state claims related to conduct by the furnisher *after* it receives notice of a dispute; and § 1681h(e) as applying only to claims arising from the conduct of the furnisher *before* that notice.  *See, e.g., Wolfe*, 485 F. Supp. 2d at 884 (citing *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 787 (W.D. Ky. 2003)).  Under the "statutory approach," § 1681t(b)(1)(F) bars all state law claims based on statutory schemes, only, while § 1681h(e) is viewed as applying to common law claims.  *Id*. (citing *McCloud v. Homeside Lending*, 309 F. Supp. 2d 1335, 1341 (N.D. Ala. 2004)).  The "total approach" views the 1996 amendments as repealing § 1681h(e) and thus concludes that § 1681t(b)(1)(F) "preempt[s] *all* state causes of action relating to the furnishing of credit information."  *Id*. at 883 (emphasis in original) (citing *Jaramillo v. Experian Info. Solutions, Inc.*, 155 F. Supp. 2d 356, 361-62 (E.D. Pa. 2001)).  Under the approach adopted by the magistrate judge in

13

*Westbrooks*, "[a]ll state law claims that do not allege willfulness are preempted by § 1681h(e), and any surviving claims alleging willfulness are preempted under § 1681t(b)(1)(F) if they involve a subject-matter regulated under § 1681s-2."  2005 WL 3240614, at *6 (emphasis added).

Since the adoption of these four approaches, however, two circuit courts have addressed the FCRA's preemption provisions and concluded that no approach is needed to reconcile the provisions because they do not in conflict.  *Purcell v. Bank of Am.*, 659 F.3d at 625; *see also Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 47-48 (2d. Cir. 2011) (agreeing with the Seventh Circuit's decision in *Purcell*).  As the Seventh Circuit explained in *Purcell*:

> Unlike these judges [who have adopted the approaches described above], we do not perceive any inconsistency between the two statutes. Section 1681h(e) preempts some state claims that could arise out of reports to credit agencies; § 1681t(b)(1)(F) preempts more of these claims. Section 1681h(e) does not create a right to recover for willfully false reports; it just says that a particular paragraph does not preempt claims of that stripe. Section 1681h(e) was enacted in 1970. Twenty-six years later, in 1996, Congress added § 1681t(b)(1)(F) to the United States Code. The same legislation also added § 1681s-2. The extra federal remedy in § 1681s-2 was accompanied by extra preemption in § 1681t(b)(1)(F), in order to implement the new plan under which reporting to credit agencies would be supervised by state and federal administrative agencies rather than judges. Reading the earlier statute, § 1681h(e), to defeat the later enacted system in § 1681s-2 and § 1681t(b)(1)(F), would contradict fundamental norms of statutory interpretation.

*Id*. at 625.  The Seventh Circuit therefore held that the plaintiff's state law claims for defamation, invasion of privacy, and negligence in reporting information to

14

CRAs-- which related to the furnisher's obligations under § 1681s-2-- were

preempted regardless of whether willfulness or malice is alleged.  *Id* . at 626.  In

*Macpherson*, the Second Circuit agreed with the *Purcell* court's reasoning and

likewise concluded that the FCRA preempted the plaintiff's defamation and

intentional infliction of emotional distress claims related to the furnishing of false

information to a CRA.  665 F.3d at 46, 48.  A number of district courts have found

the reasoning set forth in *Purcell* and *Macpherson* persuasive.  *See, e.g.,*

*Himmelstein*, 931 F. Supp. 2d at 60; *Morgan v. HSBC Mortg. Servs., Inc.*, 930 F.

Supp. 2d 833, 839 (E.D. Ky. 2013); *Williams v. Student Loan Guarantee Found. of*

*Ark.*, No. 5:12-cv-02940, 2015 WL 241428, at *13 (N.D. Ala. Jan. 20, 2015);

*Schneider v. Regions Bank*, No. 12-cv-0574, 2012 WL 3646270, at *4 (S.D. Ill.

Aug. 23, 2012); *Subhani v. JPMorgan Chase Bank*, No. C 12-01857, 2012 WL

1980416, at *6 (N.D. Cal. June 1, 2012).

This Court finds the reasoning in *Purcell* and *Macpherson* persuasive, as

well.  Therefore, the Court must ask whether Plaintiff's state law claims are

premised on conduct that § 1681s-2 regulates.  To the extent that any claim is

premised on such conduct, it is preempted by the FCRA pursuant to

§ 1681t(b)(1)(F).  But even if Plaintiff's negligence, defamation, or invasion of

privacy claims are not premised on conduct regulated by § 1681s-2, they are

15

preempted under § 1681h(e) to the extent Plaintiff fails to allege that false

information was furnished with malice or willful intent to injure him.

Plaintiff's breach of contract claim is premised on AGI's refusal of his

"properly made payments."  (Am. Compl. ¶ 149.)  Plaintiff alleges:

> Insofar as AGI did not properly handle the application of payments
> appropriately submitted to it, it did breach an express or implied term
> of the [p]arties' agreement that it would accept payments submitted by
> Plaintiff under the original instructions provided by Defendant AGI.

(*Id*. ¶ 153.)  This claim, therefore, is not preempted under the FCRA.

Plaintiff's negligence claim is similarly premised on AGI's handling of his

loan payments, rather than the reporting of information to any CRA.  (*See* Am.

Compl. ¶¶ 163-176.)  Plaintiff in fact precisely states in this claim that "this cause

of action is completely independent of and not related in any way to whether or

how AGI acted with relation to investigation or handling of credit disputes."  (*Id*.

at ¶ 170.)  As such, the claim also is not preempted by the FCRA.[4]

Plaintiff's defamation and invasion of privacy claims, in comparison, are

premised on AGI's alleged reporting of information to CRAs.  For example, in his

defamation claim, Plaintiff alleges that AGI and Experian "published

---

[4] The plain language of the FCRA's earlier preemption provision, § 1681h(e), only applies to "action[s] or proceeding[s] in the nature of defamation, invasion of privacy, or negligence *with respect to reporting of information* against . . . any person who furnishes information to a consumer reporting agency . . .."  15 U.S.C. § 1681h(e) (emphasis added).

statements . . . to various creditors, prospective credit grantors, other credit reporting agencies, and other entities that the above-referenced derogatory inaccurate information belongs to the Plaintiff." (Am. Compl. ¶ 178.) In his invasion of privacy claim, Plaintiff alleges that "[b]y such unauthorized invasion, publication and circulation of Plaintiff's name and the inaccurate information, [AGI and Experian] invaded Plaintiff's right to privacy . . .." (Am. Compl. ¶ 194.) Plaintiff alleges that AGI and Experian "acted with malice or willful intent to injure [him]." (Am. Compl. ¶¶ 185, 193.) Nevertheless, because the claims relate to a subject matter regulated under § 1681s-2, they are preempted by § 1681t(b)(1)(F).

In short, the Court concludes that Plaintiff's defamation and invasion of privacy claims (Counts 5 and 6), only, are preempted by the FCRA. Those claims therefore are being dismissed pursuant to Rule 12(b)(6).

### D.   Breach of Contract

Although the Court finds that Plaintiff's breach of contract claim is not preempted by the FCRA, AGI also argues that the claim must be dismissed because Plaintiff fails to state a claim on which relief may be granted. Specifically, AGI argues that Plaintiff alleges breach of implied duties and Michigan law does not recognize an independent cause of action arising from the breach of an implied duty. (ECF No. 30 at Pg ID 279-80, citing *Vitti-Carlesimo v.*

17

*Bank of Am., N.A.*, No. 12-14902, 2013 WL 3837169 (E.D. Mich. July 25, 2013).)
AGI also argues that Plaintiff's claim fails because he was the first party to breach
the loan agreements by not paying AGI's new servicer, ACS, "as directed by
AGI." (*Id.* at Pg ID 281, citing Ex. 2.)

As an initial matter, although AGI relies on Michigan law in support of its
first argument, the loan agreements (as Plaintiff points out) contain choice of law
provisions stating that the agreements are governed by the laws of Ohio.[5] (*See*
ECF No. 30-3 ¶ M.3.) In any event, as Plaintiff also points out, in arguing for the
dismissal of Plaintiff's negligence claim, AGI concedes that "[its] payment-
handling" is "a duty well within the scope of the contracts between AGI and
Plaintiff regarding the Student Loan Debts." (*See* ECF No. 30 at Pg ID 282.) AGI
does not address this inconsistency in its reply brief, focusing instead on a new
argument: that Plaintiff's claim is premised on a letter from KHESLC which is not
part of his contract with AGI. (ECF No. 44 at Pg ID 467.)

Plaintiff alleges in his Amended Complaint that AGI breached an "express"
term of the parties' agreements concerning the handling of his payments. (*See,*

---

[5] This does not mean that Ohio law necessarily controls. To determine whether a
contractual choice of law provision should be enforced, a federal court with
diversity jurisdiction applies the forum state's conflict of law rules. *Johnson v.
Ventra Grp., Inc.*, 191 F.3d 732, 738 (6th Cir. 1999) (citing *Klaxon Co. v. Stentor
Elec. Mfg. Co.*, 313 U.S. 487 (1941)). For the reasons discussed, the Court finds it
unnecessary to engage in this analysis to decide AGI's motion.

*e.g.,* Am. Compl. ¶¶ 148, 153.)  In light of AGI's statement in its pleadings that "payment-handling" *is* a duty within the scope of the agreement, the Court sees no reason to review the terms of the loan agreements to assess that statement, although it can for purposes of deciding AGI's motion to dismiss.  *See supra* at n.2.  In any event, even if the Court were inclined to analyze the terms of the parties' agreement, it is not convinced that it has all of the terms before it.  Plaintiff indicates in his Amended Complaint that while he possesses many documents related to the parties' contract, he is unsure whether he possesses all terms.  (Am. Compl. ¶ 146.)  AGI asserts in its reply brief that "Plaintiff's contract with AGI is entirely contained within the loan documents attached as Exhibit 2 to [its] motion." (ECF No. 44 at Pg ID 466.)  However, at this stage of the proceedings, before any discovery has been conducted, neither Plaintiff nor this Court is bound to accept this assertion.

Turning to AGI's second argument-- that Plaintiff was the first to breach the parties' agreement-- Plaintiff does not admit in paragraph twenty-six of his Amended Complaint (as AGI asserts) that he failed to make payments as AGI directed.  Instead, in that paragraph, Plaintiff asserts only that AGI changed the primary servicer on his account in 2010 or 2011.  (Am. Compl. ¶ 25.)  Nowhere in Plaintiff's pleading does he admit to receiving notice of this change and at this stage, there is no evidence from which the Court could conclude that such notice

19

was properly sent to Plaintiff.  Moreover, AGI does not identify, and this Court did not find, a term within the provided loan documents addressing how payments were to be made by Plaintiff.  Thus the Court cannot conclude that Plaintiff was the first to breach any actual term of those agreements.

In short, the Court cannot conclude that Plaintiff fails to state a breach of contract claim on which relief may be granted.  Plaintiff indicates in his response brief that, if the Court reaches such a conclusion, his negligence claim (Count 4) should be dismissed.  (ECF No. 34 at Pg ID 345.)  As such, the Court is dismissing his negligence claim as to AGI, only.

## IV.   Conclusion

In summary, the Court concludes that Plaintiff alleges sufficient facts in his Amended Complaint to survive AGI's motion to dismiss his FCRA claim under Rule 12(b)(6).  In light of Plaintiff's Rule 56(d) affidavit, the Court denies without prejudice AGI's motion for summary judgment with respect to this claim.  The Court holds that Plaintiff's state law defamation and invasion of privacy claims (Counts 5 and 6), only, are preempted by the FCRA.  Plaintiff alleges sufficient facts to state a viable breach of contract claim.  He has conceded to the dismissal of his negligence claim (Count 4) as to AGI, only.

AGI seeks Rule 11 sanctions against Plaintiff for filing claims against it that "lack any reasonable basis in law or fact."  (ECF No. 46 at Pg ID 505.)  Based on

the conclusions set forth above, the Court holds that Rule 11 sanctions are not warranted.[6]

Accordingly,

**IT IS ORDERED** that AGI's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the Alternative, for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56 (ECF No. 30) is **GRANTED IN PART AND DENIED IN PART** in that only Plaintiff's defamation and invasion of privacy claims (Counts 5 and 6) are **DISMISSED WITH PREJUDICE** and Plaintiff's negligence claim (Count 4) is **DISMISSED AS TO AGI**;

**IT IS FURTHER ORDERED** that AGI's Motion to Stay Discovery Pending Resolution of AGI's Motion to Dismiss (ECF No. 41) is **DENIED AS MOOT**;

---

[6] AGI's assertion that Plaintiff's claims are frivolous is based on its belief that this case is about an individual who, despite being told that a new servicer had been assigned to his loans, insisted on continuing to send his payments to the old servicer and then complained when his payments were not properly processed. If AGI's version of the facts proves to be accurate, the Court's view of Plaintiff's lawsuit might change. Plaintiff, however, asserts that AGI never informed him that it changed the servicer of his loans from KHESLC to ACS and that when he contacted KHESLC, he was repeatedly assured that it would process his payments. (*See* ECF No. 35 ¶¶ 5-9.) There is no evidence before the Court at this time to contradict Plaintiff's assertions.

**IT IS FURTHER ORDERED** that AGI's Motion for Sanctions Pursuant to

Federal Rule of Civil Procedure 11 (ECF No. 46) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 4, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 4, 2015, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager
